UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

JUAN RODRIGUEZ,

                Defendant.

96-Cr-959 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    Defendant Juan Rodriguez has moved for reconsideration of this Court's January 16, 2025 Opinion & Order, *United States v. Rodriguez*, No. 96-cr-959, 2025 WL 212766 (S.D.N.Y. Jan. 16, 2025), denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1), the "compassionate release" statute. (ECF No. 191.) Because Rodriguez has failed to show the existence of an intervening change of controlling law, new evidence previously unavailable, a clear error in the Court's January 16 Opinion, or a need to prevent manifest injustice, Rodriguez's motion for reconsideration is denied.

    "Although the Federal Rules of Criminal Procedure do not provide for motions for reconsideration, Local Criminal Rule [49.1(b)] permits such motions and provides that [the movant] should set forth concisely the matters or controlling decisions which [he or she] believes the Court has overlooked." *United States v. Parrilla*, No. 13-cr-360, 2014 WL 2200403, at *1 (S.D.N.Y. May 22, 2014); *see also* Local Civil Rule 6.3. "Reconsideration is 'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Accordingly, reconsideration is generally denied "unless the moving party can point to controlling decisions or data . . . that might reasonably be expected to alter the conclusion reached by the court." *Id.* (citation omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted). Rodriguez's motion for reconsideration fails to identify any such grounds.

    In seeking reconsideration, Rodriguez focuses his argument on the "unusually long sentence" provision of section 1B1.13(b). *See* U.S.S.G. § 1B1.13(b)(6). Under that provision, when a defendant has received an "unusually long sentence and has served at least 10 years of the term of imprisonment," a court may consider "a change in the

law (other than an amendment to the Guidelines Manual that has not been made retroactive) . . . where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed" when determining whether extraordinary and compelling reasons exist for compassionate release. *Id.*

In his motion for compassionate release, Rodriguez pointed to the U.S. Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which made the United States Sentencing Guidelines advisory and clarified that the maximum sentence a judge may impose must be based upon facts either admitted by the defendant or proved to a jury beyond a reasonable doubt. *Booker*, however, does not result in a disparity between the life sentence Rodriguez received in 1998 and the sentence likely to be imposed today, as Rodriguez was "convicted of a crime that carries—both in 1998 and today—a mandatory statutory term of life imprisonment." *See Rodriguez*, 2025 WL 212766, at *3.

In asking this Court to reconsider its decision, Rodriguez contends "the Court overlooked or misunderstood the issue presented under the change in the law under *Apprendi/Alleyne* change in the law." (ECF No. 191 at 3.) Rodriguez's argument proceeds as follows: Under New York Penal Law § 125.25, a person commits murder when he or she "intends to cause the death of another person and causes the death of that person." N.Y. Penal Law § 125.25. Premeditation is not an element of the offense. By contrast, federal first-degree murder as defined in 18 U.S.C. § 1111 requires premeditation. *See Rodriguez*, 2025 WL 212766, at *3 (citing 18 U.S.C. § 1111). In Rodriguez's view, because the jury in his case was not instructed on premeditation, imposing a statutorily mandatory life sentence under 18 U.S.C. § 1111(b) required the court to find facts beyond the jury's verdict, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 570 U.S. 99 (2013).

Rodriguez's argument, however, rests on two mistaken beliefs. First, Rodriguez believes he was charged with and convicted of "two counts of murders in violation of New York Penal Law [§] 125.25," i.e., second-degree murder under New York law. (ECF No. 191 at 3.) Second, Rodriguez believes he was sentenced to a mandatory minimum term of life imprisonment pursuant to 18 U.S.C. § 1111 for federal first-degree murder. (*Id.* at 9, 11.) Neither of these statements is correct.

*First*, Rodriguez was charged with violating 18 U.S.C. § 1959(a)(1) for committing murder in aid of racketeering. (ECF No. 16 at 3-4 (charging violations of 18 U.S.C. § 1959(a)(1)); *see also* ECF No. 46 at 1.)[1] The predicate offenses Rodriguez committed in

---

[1] In full, the indictment charged Rodriguez and his co-defendant with five counts: one count of conspiracy to murder Antonio Valencia and Freddy Sanchez in violation of 18 U.S.C. § 1959(a)(5); two counts of murder in aid of racketeering for the murders of Valencia and Sanchez in violation of 18 U.S.C. § 1959(a)(1); one count of carrying a firearm during and in relation to a crime of violence in violation of 18

aid of racketeering were the 1996 murders of Antonio Valencia and Freddy Sanchez, second-degree murder under New York law. (ECF No. 16 at 3-4; ECF No. 176 at 39-44 (jury instructions with respect to the section 1959(a)(1) counts); *see also* ECF No. 102 at 11 ("Although petitioners allege that they were sentenced for first degree murder, they were actually sentenced for violent crimes in aid of racketeering in which murder was the underlying 'violent crime.'").) Second-degree murder under New York law constitutes murder for purposes of section 1959(a)(1). *See United States v. Mapp*, 170 F.3d 328, 335 (2d Cir. 1999) (upholding section 1959(a)(1) conviction for predicate offense of felony murder and noting "[w]e do not believe that section 1959 reaches only murders that were committed intentionally"); *United States v. Perez*, 138 F. App'x 379, 381 (2d Cir. 2005) ("'[M]urder' in § 1959(a) is defined according to the state or federal law controlling the predicate murder offense."); *United States v. Torres*, 124 F.4th 84, 98 (2d Cir. 2024) ("[S]econd-degree murder under New York law qualifies as predicate racketeering activity."); *Lugo v. United States*, No. 01-cr-922, 2021 WL6883419, at *8 (E.D.N.Y. May 14, 2021) (upholding section 1959(a) conviction based on predicate offense of second-degree murder under New York law).

*Second*, Rodriguez was subject to the mandatory minimum sentence imposed by Congress as set forth in 18 U.S.C. § 1959(a)(1). Specifically, section 1959(a)(1) provides that "[w]hoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity" commits murder "shall be punished . . . by death or life imprisonment, or a fine under this title, or both." 18 U.S.C. § 1959(a)(1).[2] It is this statute—*not* 18 U.S.C. § 1111—that subjected Rodriguez to a mandatory minimum term of life imprisonment in 1998 and would subject him to a mandatory term of life imprisonment today. *Compare* 18 U.S.C. § 1959(a)(1) (2025) *with* 18 U.S.C. § 1959(a)(1) (1996).

Thus, the court that imposed sentence upon Rodriguez was not required to find facts beyond the jury's guilty verdict on the murder in aid of racketeering counts in order to impose the mandatory minimum term of life imprisonment required by 18 U.S.C. § 1959(a)(1). Accordingly, Rodriguez has not identified any change in the law that would produce a gross disparity between the sentence he received in 1998 and one likely to be imposed at the time of his motion. As this Court explained in denying the

---

U.S.C. § 924(c); and one count of receiving firearms while under indictment in violation of 18 U.S.C. § 922(n). (ECF No. 16 at 1-2.) Rodriguez was found guilty on all counts. (ECF No. 46.)

[2] The United States Court of Appeals for the Second Circuit has interpreted this statute to "carr[y] a mandatory minimum sentence of life in prison." *United States v. James*, 239 F.3d 120, 127 (2d Cir. 2000); *see also United States v. Smith*, No. 21-2487, 2024 WL 276738, at *4 (2d Cir. Jan. 25, 2024).

motion for a sentence reduction, Rodriguez's "life sentence was statutorily mandated both in 1998 and today." *Rodriguez*, 2025 WL 212766, at *2.

Rodriguez has failed to identify a clear error—or any error—or any other ground warranting reconsideration, and thus the Court denies Rodriguez's motion for reconsideration. The Clerk of Court is directed to mail a copy of this Opinion & Order to defendant Juan Rodriguez and co-defendant Jose Martinez as follows: Juan Rodriguez [19848-050], FCI Ray Brook, Federal Correctional Institution, P.O. Box 900, Ray Brook, NY 12977, and Jose Martinez [19912-050], FCI Coleman Medium, Federal Correctional Institution, P.O. Box 1032, Coleman, FL 33521.

Dated: New York, New York
   March 11, 2025

SO ORDERED:

*[signature]*

Sidney H. Stein, U.S.D.J.