UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

JUAN RODRIGUEZ,

              Defendant.

96-cr-959 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Defendant Juan Rodriguez moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1), known as the "compassionate release" statute. (ECF No. 197.) Along with his co-defendant Jose Martinez, Rodriguez is currently serving a life sentence for the 1996 murders of Antonio Valencia and Freddy Sanchez. (*See* ECF No. 46.)

Rodriguez's motion retraces contentions previously advanced in support of his prior motion for compassionate release that this Court considered and denied earlier this year in an Opinion & Order dated January 16, 2025. Rodriguez's motion contends, *inter alia*, that Rodriguez's age at the time of his offense, the length of his incarceration, his asserted low likelihood of recidivism if released, and the impact of the COVID-19 pandemic all counsel in favor of granting him compassionate release. (*See* ECF No. 197.) Identical grounds were raised by Rodriguez in support of his prior motion for compassionate release filed in mid-2023 and subsequently denied by this Court. *See United States v. Rodriguez*, No. 96-cr-959, 2025 WL 212766 (S.D.N.Y. Jan. 16, 2025). Rodriguez then moved for reconsideration of that determination, which this Court also denied. *See United States v. Rodriguez*, No. 96-cr-959, 2025 WL 763576 (S.D.N.Y. Mar. 11, 2025).

Having presented no new grounds for the Court's consideration in his present motion, Rodriguez's request for compassionate release is denied for the reasons set forth in the Court's earlier opinions. *See Rodriguez*, 2025 WL 212766; *Rodriguez*, 2025 WL 763576. Rodriguez's requests for appointment of counsel are also denied.[1]

---

[1] Rodriguez makes two separate requests for the appointment of counsel. First, he urges this Court to appoint counsel in connection with this motion. (*See* ECF No. 197 at 21.) Second, Rodriguez asks this Court to appoint counsel in connection with a possible future claim for habeas relief under 28 U.S.C. § 2254. (*See* ECF No. 199 at 1–2 (citing *Hernandez v. McIntosh*, No. 24-1816, 2025 WL 2025555 (2d Cir. July 21, 2025)).) The Court denies both requests. Whether to appoint counsel in connection with a motion for compassionate release is "left to the discretion of the district court, which may consider the merits of the defendant's motion as 'a significant factor in the exercise of that discretion.'" *Peña v. United States*, No.

The Clerk of Court is directed to mail a copy of this Order to defendant as follows: Juan Rodriguez [19848-050], FCI Ray Brook, Federal Correctional Institution, P.O. Box 900, Ray Brook, NY 12977.

Dated: New York, New York
August 27, 2025

SO ORDERED:

*Sidney H. Stein*
Sidney H. Stein, U.S.D.J.

---

09-cr-341, 2024 WL 3729571, at *2 (S.D.N.Y. Aug. 8, 2024) (quoting *United States v. Chavez*, No. 02-cr-1301, 2024 WL 2846606, at *4 (S.D.N.Y. May 30, 2024)); *see United States v. Fleming*, 5 F.4th 189, 192–93 (2d Cir. 2021). The Court retains similar discretion in habeas cases. *See United States v. Sinclair*, No. 23-cr-503, 2025 WL 1295611, at *1 (S.D.N.Y. May 5, 2025) ("Similarly, in habeas corpus cases, discretion should be exercised only when the interests of justice so require, unless an evidentiary hearing is necessary. And the threshold inquiry, as with the compassionate release motion, is whether there is 'substance to the litigant's position.'" (quoting *Brown v. New York*, No. 22-cv-6371, 2024 WL 2883986, at *1 (S.D.N.Y. May 23, 2024)) (first citing 18 U.S.C.A. § 3006A(a)(2)(B); and then citing *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986))). The Court notes that 28 U.S.C. § 2254 is inapplicable to Rodriguez, who is incarcerated pursuant to a federal court judgment, not a state court judgment. *See Hernandez*, 2025 WL 2025555, at *9. The Court also notes that it has previously appointed counsel to Rodriguez in connection with a separate motion made pursuant to 28 U.S.C. § 2255. (ECF No. 141.) That motion was denied in August 2021. *See United States v. Rodriguez*, No. 96-cr-959, 2021 WL 3667892 (S.D.N.Y. Aug. 20, 2021).